Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
TIAMANIKA BLACKBURN

FILED
2011 MAR 17 P 3:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. S.J.

E-filing

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO/OAKLAND DIVISION

TIAMANIKA BLACKBURN,

Plaintiff,

v.

ABC LEGAL SERVICES, INC., a Washington corporation, and FERDINAND G. AUSTRIA, individually and in his official capacity,

Defendants.

Case No. CV11-01298 LB

COMPLAINT

DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
California Bus. and Prof. Code § 17200

Plaintiff, TIAMANIKA BLACKBURN, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. The Defendants in this case are process servers who have engaged in the ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default

---

[1] *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on installment payment contracts for personal property permitting repossession and garnishment, providing a fertile field for the fleecing of the poor and the disadvantaged.").
[2] *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982) ("'[S]ewer service' constitutes shoddy practice.  It delays the process of justice and must be discouraged.  This court has discretion to do just that.").

- 1 -
COMPLAINT

judgment can be entered against her.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it.[4]

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."

3. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

4. Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed from the FDCPA's process serve exemption.[7]

## II. JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[3] *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350, *2 (N.D. Ill. Feb. 1, 2011).
[4] *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).
[5] 15 U.S.C. § 1692a(6)(d); *See generally, Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 17 (S.D.N.Y. Dec. 29, 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").
[6] *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, *18 (S.D.N.Y. Dec. 29, 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002).
[7] *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 18 (S.D.N.Y. Dec. 29, 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

8. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

### V. PARTIES

9. Plaintiff, TIAMANIKA BLACKBURN (hereinafter "Plaintiff"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10. Defendant, ABC LEGAL SERVICES, INC. (hereinafter "ABC LEGAL"), is a Washington corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. ABC LEGAL's principal place of business is located at: 633 Yesler Way, Seattle, Washington 98104. ABC LEGAL may be served at the address of its Agent for Service of Process at: ABC Legal Services, Inc., c/o Deann Rippy, Agent for Service of Process, 501 - 12th Street, Sacramento, California 95814. ABC LEGAL is a process serving agency regularly engaged in the business of collecting consumer debts by assisting the other

debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. ABC LEGAL regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. ABC LEGAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ABC LEGAL is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

11. Defendant, FERDINAND G. AUSTRIA (hereinafter "AUSTRIA"), is a natural person and is or was an employee and/or agent of ABC LEGAL at all relevant times. AUSTRIA is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. AUSTRIA may be served at his current business address: Ferdinand G. Austria, ABC Legal Services, Inc., 304 - 12th Street, Suite 4A, Oakland, California 94607, and at his current residence address: Ferdinand G. Austria, 1708 Felton Street, San Francisco, California 94134-1336. AUSTRIA is a registered process server regularly engaged in the business of collecting consumer debts by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. AUSTRIA regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. AUSTRIA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). AUSTRIA is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Chase Bank USA, N.A. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, sold or otherwise transferred to Midland Funding, LLC.

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to Hunt & Henriques, Attorneys at Law (hereinafter "Hunt & Henriques"), for collection from Plaintiff.

16. On March 3, 2010, Hunt & Henriques filed a lawsuit against Plaintiff in the Superior Court of San Mateo County, captioned *Midland Funding, LLC v. Tiamanika Blackburn, et al.*, and assigned Case No. CLJ492533 (hereinafter "the state court action"), in an attempt to collect the alleged debt.

17. Plaintiff is informed and believes, and thereon alleges that Hunt & Henriques thereafter engaged Defendants to duly and faithfully serve legal process in the state court action upon Plaintiff, by delivering to Plaintiff a copy of the state court Summons and Complaint.

18. Plaintiff is informed and believes, and thereon alleges that on or about March 17, 2010, Defendants composed a document titled <u>Proof of Service of Summons</u> in which Defendants represented, under penalty of perjury, that AUSTRIA had **personally served** Plaintiff with a copy of the Summons, Complaint, Affidavit of Venue and Civil Case Cover Sheet in the state court action on

March 16, 2010, at 6:39 p.m. Thereafter, Defendants caused the <u>Proof of Service of Summons</u> to be filed with the Clerk of the Superior Court in the state court action on March 24, 2010. A true and correct copy of the <u>Proof of Service of Summons</u> filed in the state court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

19. Despite the representations made by Defendants in their <u>Proof of Service of Summons</u> (Exhibit "1"), Plaintiff was not served personally, or otherwise, with a copy of the Summons and Compliant in the state court action. The <u>Proof of Service of Summons</u> documents composed by Defendants appears facially valid – indeed, Defendants' very purpose is to pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a default judgment has been entered, as happened in this case.

20. Plaintiff is informed and believes, and thereon alleges that Defendants knowingly and willfully composed and sold Hunt & Henriques the <u>Proof of Service of Summons</u> (Exhibit "1") containing false statements regarding their service of court process in the state court action.

21. According to the <u>Proof of Service of Summons</u> (Exhibit "1"), Defendants sold the process server return to Hunt & Henriques for $59.00.

22. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL composes and sells process server returns, like the <u>Proof of Service of Summons</u> (Exhibit "1") in this case, on a flat rate or fixed fee basis. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL will pay AUSTRIA and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed. Because ABC LEGAL's process servers are not paid for unsuccessful service attempts, process servers like AUSTRIA have a strong financial

- 6 -
COMPLAINT

incentive to falsify process server returns. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

23. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL charges substantially less than the published rates of many of its San Francisco Bay Area competitors for process server services. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. More false process server returns from all process server agencies is the inevitable result of such anti-completive business practices. Plaintiff is informed and believes, and thereon alleges that ABC LEGAL effectively sells sewer service, by underbidding the true costs of proper service.

24. Debt collection law firms and debt buyers plainly benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case. By not serving consumer debt defendants, debt collection firms like Hunt & Henriques and debt buyers like Midland Funding, LLC, are able to generate thousands of judgments by default on cases where they could never prevail on the merits because they do not have evidence to make out a *prima facie* case. Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

25. Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of a perjured <u>Proof of Service of Summons</u> (Exhibit "1") violates California Code of Civil Procedure § 417.10.

26. On June 17, 2010, three months after Defendants composed and filed their false <u>Proof of Service of Summons</u> (Exhibit "1") in the state court action, Hunt & Henriques requested and were granted a Default Judgment by the Clerk of the Superior Court based on Defendants' false process server return.

27. Thereafter, Plaintiff discovered that a lawsuit had been filed against her and that a Judgment had been entered. Upon learning of the state court action, Plaintiff retained legal counsel and obtained a copy of the state court's file at her own expense. In her review of the state court file, Plaintiff first learned that Defendants had composed and filed their false <u>Proof of Service of Summons</u> (Exhibit "1"). Plaintiff discovered that Defendants' <u>Proof of Service of Summons</u> (Exhibit "1") represented that she had been personally served with a copy of the state court Summons, Complaint, Affidavit of Venue and Civil Case Cover Sheet at: 289 Dennis Drive, Daly City, California on March 16, 2010. In fact, Plaintiff had not lived at the Dennis Drive address since April 26, 2003, and therefore could not have been personally served with the state court process on March 16, 2010, at that address.

28. On or about July 20, 2010, Plaintiff's counsel sent a letter to Hunt & Henriques requesting a stipulation to set aside the Entry of Default and Default Judgment that had been entered against Plaintiff in the state court action based on Defendants' false <u>Proof of Service of Summons</u> (Exhibit "1"). When Plaintiff's counsel received no response from Hunt & Henriques, Plaintiff was required to file a Motion to Set Aside the state court Entry of Default and Default Judgment at her own expense. Plaintiff's motion was not opposed and on September 15, 2010, the state court set aside and vacated the Entry of Default and Default Judgment against her.

29. After being unable to produce the *prima facie* evidence necessary to prove Midland Funding, LLC's, case against Plaintiff, Hunt & Henriques dismissed the state court action against Plaintiff on January 4, 2011.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading <u>Proof of Service of Summons</u> documents in the form of Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

32. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

33. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

34. Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

35. Defendant, ABC LEGAL, is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

36. Defendant, AUSTRIA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37. Defendant, AUSTRIA, is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

38. The financial obligation sought to be collected from Plaintiff in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

39. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive

practices. Defendants' violations include, but are not limited to:

    a. Producing and filing a fraudulent <u>Proof of Service of Summons</u> that falsely claim that Plaintiff was served with a Summons and Complaint when in fact she was not;

    b. Using fraudulent, deceptive, and misleading statements and affirmations to obtain a default judgment against Plaintiff under false pretenses; and

    c. Attempting to use a fraudulently obtained default judgment to extract money from Plaintiff.

40. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

43. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

44. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

45. Defendant, ABC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

46. Defendant, AUSTRIA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

47. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

48. Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

　　a. Producing and filing a fraudulent <u>Proof of Service of Summons</u> that falsely claim that Plaintiff was served with a Summons and Complaint when in fact she was not;

　　b. Using fraudulent, deceptive, and misleading statements and affirmations to obtain a default judgment against Plaintiff under false pretenses; and

　　c. Attempting to use a fraudulently obtained default judgment to extract money from Plaintiff.

49. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

50. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

51. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

52. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to

Cal. Civil Code § 1788.17.[8]

53. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

54. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

55. Plaintiff brings the third claim for relief against Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.*, which prohibits all unlawful business acts and/or practices.

56. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

57. Plaintiff has been required to expend monies that Defendants should be required to pay or reimburse under the equitable and restitutionary remedies provided by California Business and Professions Code § 17200 *et seq.*

58. The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

59. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

60. Defendants' unlawful business acts and/or practices as alleged herein have

---

[8] 15 U.S.C. § 1692k(a)(2)(A).
[9] 15 U.S.C. § 1692k(a)(3).

violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of § 17200 *et seq*. These predicate unlawful business acts and/or practices include Defendants' composition and sale of a perjured <u>Proof of Service of Summons</u> (Exhibit "1"), in violation of California Code of Civil Procedure § 417.10. Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by,

    a.    Producing and filing a fraudulent <u>Proof of Service of Summons</u> that falsely claim that Plaintiff was served with a Summons and Complaint when in fact she was not;

    b.    Using fraudulent, deceptive, and misleading statements and affirmations to obtain a default judgment against Plaintiff under false pretenses; and

    c.    Attempting to use a fraudulently obtained default judgment to extract money from Plaintiff.

61.    Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

62.    The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiff and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

63.    As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff has sustained actual pecuniary loss in that she was required to obtain a copy of the state court's file and pay an attorney to have the default judgment against her set aside and vacated. Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein, and has suffered and injury in fact and has lost money or property as a result of Defendants' unfair competition.

64. Plaintiff is entitled to equitable relief, including restitution, restitutionary disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts and practices in connection with the state court action against Plaintiff, attorney fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful activity.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[10]

h) Award restitutionary disgorgement of all profits Defendants obtained (from Plaintiff's lawsuit only) as a result of their unfair competition;

i) Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring

---

[10] 15 U.S.C. § 1692k(a)(2)(A).

Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that a monitoring system for process servers be implemented, (iii) training and testing all of Defendants' employees and agents regarding applicable service of process laws, and (iv) a reporting system be made available to Defendants' customers for reporting suspected service of process irregularities;

j) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[11] and 1788.30(c); and

k) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
TIAMANIKA BLACKBURN

---

[11] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TIAMANIKA BLACKBURN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State number, and address): <br>Michael S. Hunt, ESQ. #99804; Janal enriques, ESQ. #1115 <br>Hunt, & Henriques <br>151 Bernal Road #8 <br>San Jose, CA 95119 <br>TELEPHONE NO.: 408 362-2270   FAX NO. (Optional): <br>EMAIL ADDRESS (Optional): <br>ATTORNEY FOR (Name): Midland Funding LLC | FOR COURT USE ONLY <br><br>**FILED** <br>SAN MATEO COUNTY <br><br>MAR 24 2010 <br><br>Clerk of the Superior Court <br>By _____ <br>DEPUTY CLERK |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO <br>STREET ADDRESS: 400 County Center <br>MAILING ADDRESS: Room A <br>CITY AND ZIP CODE: Redwood City 94063 <br>BRANCH NAME: Southern Branch: Hall of Justice and Records | |
| PLAINTIFF/PETITIONER: Midland Funding LLC | CASE NUMBER: <br>CLJ492533 |
| DEFENDANT/RESPONDENT: TIAMANIKA BLACKBURN | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br>411597-001 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons; Complaint; Affidavit of Venue; Civil Case Cover Sheet

3. a. Party served *(specify name of party as shown on documents served):*
      TIAMANIKA BLACKBURN
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*

4. Address where the party was served:
   289 DENNIS Drive, DALY CITY, CA 94015

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 3/16/2010 (2) at *(time):* 6:39 PM
   b. [ ] **by substituted service.** On *(date):* (2) at *(time):* I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*       or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2
Code of Civil Procedure. § 417.10

Form Adopted for Mandatory Use <br>Judicial Council of California <br>POS-010 (Rev. January 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Order No. 8505992 SEA FIL



EXHIBIT
1

| PLAINTIFF/PETITIONER: Midland nding LLC | BER: CLJ492533 |
|---|---|
| DEFENDANT/RESPONDENT: TIAMANIKA BLACKBURN | |

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
(1) on *(date):*  (2) from *(city):*
(3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)
(4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as occupant
   d. [ ] On behalf of *(specify):*
      under the following Code of Civil Procedure section:
      [ ] 416.10 (corporation)              [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association) [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership) [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)            [ ] 415.46 (occupant)
                                            [ ] other

7. **Person who served papers**
   a. Name: **Ferdinand Austria**
   b. Address: **304 12th St, Suite 4A, Oakland, CA 94607**
   c. Telephone number: **510-832-0701**
   d. The fee for service was: **$59.00**
   e. I am:
      (1) [ ] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [X] registered California process server:
         (i) [ ] owner  [ ] employee  [X] independent contractor
         (ii) [X] Registration No.:  1104
         (iii) [X] County:  Alameda

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. [ ] **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 3/17/2010

**Ferdinand Austria**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)  (SIGNATURE)

BY FAX



POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

Order No. 8505992 SEAFIL