United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIAMANIKA BLACKBURN,

Plaintiff,

v.

ABC LEGAL SERVICES, INC. and FERDINAND G. AUSTRIA,

Defendants.
_____________________________________/

No. C 11-01298 JSW

**ORDER REGARDING MOTION TO DISMISS**

Now before the Court is the motion by defendant ABC Legal Services, Inc. ("ABC") to strike plaintiff Tiamanika Blackburn's ("Plaintiff") state-law claims pursuant to California Code of Civil Procedure § 425.16 ("Section 425.16") and to dismiss Plaintiff's Fair Debt Collections Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Having considered the parties' arguments and relevant legal authority, the Court hereby grants the special motion to strike and denies the motion to dismiss.[2]

**BACKGROUND**

Plaintiff alleges that defendant Ferdinand G. Austria ("Austria"), as an agent or employee of ABC, falsely attested to serving Plaintiff and filed a false proof of service in court.

---

[1] ABC moves pursuant to Federal Rule of Civil Procedure 12(b)(6) but calls its motion a motion to strike. The Court is construing this a motion to dismiss.

Both parties are admonished to following this Court's standing orders, including with respect to page limits. Moreover, parties are admonished to follow the Civil Local Rules, including with respect to the font size of footnotes. In the future, any motion or brief filed in violation of these standing orders and/or rules will be struck.

[2] The Court DENIES the parties' requests for judicial notice as the Court did not need to consider these documents in order to resolve ABC's motion to dismiss.

(Compl., ¶¶ 11, 12, 18, 19.) This false proof of service was used to obtain a default judgment against Plaintiff in a debt collection action. (*Id.*, ¶ 13, 16, 18, 26.) Plaintiff further alleges that ABC engages in the business of selling forms, documents and other collection media used or intended to be used for debt collection and that ABC regularly engages in the business of collecting consumer debts by assisting other debt collectors to file and maintain debt collection lawsuits and obtain default judgments. (*Id.*, ¶ 10.) Based on these allegations, among others, Plaintiff brings a claim under the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Business and Professions Code § 17200 ("Section 17200") and the Fair Debt Collection Practices Act ("FDCPA").

The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

### A. Legal Standard for Special Motion to Strike.

California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute provides a mechanism for a defendant to strike civil actions brought primarily to chill the exercise of free speech. Cal.Code Civil Proc. § 425.16(b)(1); *see also Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). The California Legislature passed the statute and explicitly recognized "the public interest to encourage continued participation in matters of public significance ... and [found] that this participation should not be chilled through abuse of the judicial process." *Metabolife*, 213 F. Supp. 2d at 1221 (citations omitted). Thus, to deter such chilling, a prevailing defendant on a special motion to strike shall be entitled to recover his or her reasonable attorney's fees and costs. *Id., citing* Cal. Code Civ. Proc. § 425.16(c).

Section 425.16 provides, in relevant part, that

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
>
> As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a

> public issue' includes: (1) any written or oral statement or writing made before a ... judicial proceeding, or any other official proceeding authorized by law....

Cal. Code Civ. Proc. §§ 425.16(b)(1); 425.16(e).

A special motion to strike a SLAPP suit involves a two-step analysis. First, the court must decide whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. *See, e.g., City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002). The defendant may meet this threshold burden by showing that the act which forms the basis for the plaintiff's cause of action was a written or oral statement made before a judicial proceeding. *See Church of Scientology of California v. Wollersheim*, 42 Cal. App. 4th 628, 646 (1996). Courts examine the "principal thrust or gravamen" of the claims at issue to determine whether they arise from protected activity. *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90, 103 (2004). "Where a cause of action alleges both protected and unprotected activity, the cause of action will be subject to section 425.15 unless the protected activity is 'merely incidental' to the unprotected conduct." *Id.* (quoting *Scott v. Metabolife Int'l., Inc.*, 115 Cal. App. 4th 404, 419 (2004)).

If the defendant establishes a prima facie case that the claims arise from protected activity, the burden then shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim. *Wollersheim*, 42 Cal. App. 4th at 646; *see also Cotati*, 29 Cal. 4th at 76. In making its determination, the trial court is required to consider the pleadings and supporting and opposing affidavits stating the facts upon which liability or defense is based. *See* Cal. Code Civ. Proc. § 425.16(b).

**B. ABC's Motion to Strike.**

**1. ABC's Threshold Burden of Demonstrating Challenged Claims Arise From Protected Activity.**

The constitutional right to petition includes the basic act of filing and is thus protected activity under Section 425.16. *See Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999); *see also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058-59 (2006) (holding that the act of filing an allegedly false declaration of service of process was communicative). In fact, the parties do not dispute that the filing of the service of process is communicative and,

United States District Court
For the Northern District of California

thus, is protected activity. What is at issue is whether the filing a service of process is protected by the litigation privilege under California Code of Civil Procedure § 47(b) ("Section 47(b)") and, thus, bars Plaintiff's claim under the Rosenthal Act.

The California Court of Appeal examined this exact issue and held that the litigation privilege does not apply to bar claims under the Rosenthal Act. *See Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 340 (2009). "Exceptions to the litigation privilege have been recognized under statutes that (1) are 'more specific' than the privilege, and (2) would be 'significantly or wholly inoperable' if the privilege applied." *Id*. at 339 (quoting Action *Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1246 (2007)). The court in *Komarova* found that both requirements were satisfied. The Rosenthal Act was more specific than Section 47(b) and the Rosenthal Act's prohibitions of deliberate neglect of service, among other of the Act's provisions, would be nullified by the litigation privilege. *Id*. at 340. Therefore, the Court found that the Rosenthal Act would be significantly inoperable if it did not prevail over the litigation privilege where the two statutes conflict. *Id*.

Similarly, here, the litigation privilege and the Rosenthal Act conflict as applied in this action and would nullify the provision of the Rosenthal Act which are at issue. Therefore, the Court follows *Komarova* and holds that the litigation privilege does not apply to bar Plaintiff's claim under the Rosenthal Act. Moreover, because Plaintiff's Section 17200 claim is premised on violations of the Rosenthal Act, which this Court has determined is not barred by the litigation privilege, and on violations of the FDCPA, a federal claim to which California's litigation privilege is inapplicable, Plaintiff's Section 17200 claim is not barred by the litigation privilege either. *See Lauter v. Anoufrieva*, 2010 WL 3504745, *13 (C.D. Cal. July 14, 2010), *adopted as modified by*, 2010 WL 3504732 (C.D. Cal. Aug. 31, 2010).

However, Plaintiff's position that her Section 17200 claim is exempt from California's anti-SLAPP law based on Section 425.17(b) is not well taken. Section 425.17(b) provides that the anti-SLAPP law does not apply:

to any action brought solely in the public interest or on behalf of the general public if all of the following conditions exist:

> (1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member. A claim for attorney's fees, costs, or penalties does not constitute greater or different relief for purposes of this subdivision.
>
> (2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.
>
> (3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

*See* Cal. Code Civil Proc. § 425.17(b).

However, this exception only applies when the entire action, or at least all of a plaintiff's state-law claims, are brought in the public interest. *See Club Members for an Honest Election v. Sierra Club*, 45 Cal. 4th 309, 312 (2008) ("If any part of the complaint seeks relief to directly benefit the plaintiff, by securing relief greater than or different from that sought on behalf of the general public, the section 425.17(b) exception does not apply."); *see also Smith v. Levine Leichtman Capital Partners, Inc.*, 723 F. Supp. 2d 1205, 1219 (N.D. Cal. 2010).

Plaintiff argues that she merely seeks injunctive relief under her Section 17200 claim to require Defendants to cease their alleged wrongful behavior and that such an injunction would benefit her and the general public equally. However, a review of Plaintiff's complaint demonstrates otherwise. In addition to an injunction, Plaintiff seeks "restitutionary disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts and practices in connection with the state court action against Plaintiff ... ." (Compl., ¶ 64.) Moreover, under her Rosenthal Act claim, Plaintiff seeks an award of actual damages. (*Id.*, ¶ 50.) Because Plaintiff seeks relief to directly benefit herself, the Section 425.17(b) exception is inapplicable. Therefore, the Court will determine if Plaintiff meets her burden to demonstrate a probability of prevailing on the merits.

**2. Plaintiff's Burden of Demonstrating a Probability of Prevailing on Merits.**

Now that ABC has made the threshold showing, the burden shifts to Plaintiff to establish a probability of prevailing at trial. *See Wollersheim*, 42 Cal. App. 4th at 646. Plaintiff need not prove the challenged claims. "Rather, the court considers whether the plaintiff has made a prima facie showing of facts based on competent admissible evidence that would, if proved,

support a judgment in the plaintiff's favor." *Mann*, 120 Cal. App. 4th at 105. A plaintiff need only establish the challenged cause of action has "minimal merit." *Navellier v. Sletten*, 29 Cal. 4th 82, 94 (2002). Moreover, where "a plaintiff can show a probability of prevailing on any part of its claim, the cause of action is not meritless and will not be subject to the anti-SLAPP procedure.... [O]nce a plaintiff shows a probability of prevailing on any part of its claim, the plaintiff has established that its cause of action has some merit and the entire cause of action stands." *Mann*, 120 Cal. App. 4th at 106 (emphasis in original); *see also Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073 (2001) ("a SLAPP motion, like a summary judgment motion, pierces the pleadings and requires an evidentiary showing") (emphasis in original).

Despite the fact that Plaintiff only needs to establish that her state law claims have "minimal merit," she has not met this burden. Plaintiff needed to submit sufficient "competent admissible evidence that would, if proved, support a judgment in the [her] favor." *See Mann*, 120 Cal. App. 4th at 105. However, in response to ABC's motion, Plaintiff failed to submit evidence and, instead, relies almost entirely on the allegations of her complaint. (Plaintiff's Opp. at 17-20.) To the extent Plaintiff does submit evidence, it is insufficient to meet her burden. Her declaration states that she was not served and a false proof of service attested to by Ferdinand Austria was filed. (Declaration of Tiamankika Blackburn, ¶ 7, Ex. A.) However, Plaintiff fails to submit any evidence that would, if proved, demonstrate that Austria was employed by or working as an agent of ABC. Nor has Plaintiff submitted any evidence to show that ABC directly engaged in any wrongdoing. Accordingly, the Court grants ABC's motion to strike Plaintiff's state-law claims.

**C. ABC's Motion to Dismiss.**

ABC moves to dismiss Plaintiff's FDCPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if

United States District Court
For the Northern District of California

those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal quotations and citations omitted). The pleading must not merely allege conduct that is conceivable. Rather, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

ABC argues that Plaintiff fails to allege any facts to show that ABC is a debt collector, that Austria is an employee or agent of ABC, and that ABC violated any provisions of the FDCPA. However, a review of Plaintiff's complaint reveals that she alleges sufficient facts to state a claim under the FDCPA. Therefore, the Court denies ABC's motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS ABC's motion to strike Plaintiff's state-law claims and DENIES ABC's motion to dismiss Plaintiff's FDCPA claim.

**IT IS SO ORDERED.**

Dated: June 16, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE