IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIAMANIKA BLACKBURN,<br><br>    Plaintiff,<br><br>  v.<br><br>ABC LEGAL SERVICES, INC. and<br>FERDINAND G. AUSTRIA,<br><br>    Defendants.<br>_____/ | No. C 11-01298 JSW<br><br>**ORDER (1) DENYING MOTION FOR LEAVE TO AMEND OR TO AMEND ORDER AND (2) GRANTING MOTION FOR RELIEF FROM DEFAULT** |

Now before the Court is the motion by Tiamanika Blackburn's ("Plaintiff") to amend the Court's order or for leave to amend her complaint and the motion by defendant Ferdinand G. Austria ("Austria") to set aside default. The Court determines that these matters are appropriate for disposition without oral argument and are deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for September 30, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and considering their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES Plaintiff's motion for leave to amend and GRANTS Austria's motion for relief from default.

**BACKGROUND**

Plaintiff alleges that defendant Ferdinand G. Austria ("Austria"), as an agent or employee of ABC Legal Services, Inc. ("ABC"), falsely attested to serving Plaintiff and filed a false proof of service in court. (Compl., ¶¶ 11, 12, 18, 19.) This false proof of service was used to obtain a default judgment against Plaintiff in a debt collection action. (*Id.*, ¶ 13, 16, 18, 26.)

Plaintiff further alleges that ABC engages in the business of selling forms, documents and other collection media used or intended to be used for debt collection and that ABC regularly engages in the business of collecting consumer debts by assisting other debt collectors to file and maintain debt collection lawsuits and obtain default judgments. (*Id.*, ¶ 10.) Based on these allegations, among others, Plaintiff brought a claim under the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Business and Professions Code § 17200 ("Section 17200") and the Fair Debt Collection Practices Act ("FDCPA").

The Court granted ABC's motion to strike Plaintiff's state-law claims pursuant to California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, California Code of Civil Procedure § 425.16 ("Section 425.16"). Plaintiff now moves the Court to amend its Order striking her state law claims or for leave to file an amended complaint.

Austria moves for relief from entry of default. The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**I.  Plaintiff's Motion to Amend the Court's Order or for Leave to Amend.**

Pursuant to Federal Rule of Civil Procedure 59(e) and 60(a), Plaintiff moves the Court to amend its Order granting ABC's motion to strike Plaintiff's state-law claims in order to grant Plaintiff leave to amend. In the alternative, Plaintiff seeks leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) the moving party presents "newly discovered or previously unavailable evidence;" (3) the motion is necessary to "prevent manifest injustice;" or (4) there is an "intervening change in controlling law." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir. 2003). While "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). "Rule 59(e) may not be used to relitigate old

matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n. 5 (2008) (internal quotes and citations omitted); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Motions under Rule 59(e) and Rule 60(b) are to seek reconsideration of a judgment. However, there has been no judgment entered in this case. Therefore, the Court shall deny Plaintiff's motion to alter or amend judgment on this ground alone. Moreover, to the extent the Court construes Plaintiff's motion as one for reconsideration, and waives the requirement to seek leave of Court to file a motion for reconsideration, Plaintiff has not shown that reconsideration is warranted.[1] Plaintiff argues that the Court erred by not granting Plaintiff leave to amend when it struck her state-law claims. In the alternative, Plaintiff seeks leave to amend pursuant to Rule 15(a).

---

[1] Under local rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the Court. *Id.*, 7-9(c).

3

A special motion to strike a SLAPP suit involves a two-step analysis. First, the court must decide whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. *See, e.g., City of Cotati v. Cashman*, 29 Cal. 4th 69, 76 (2002). Second, if the defendant establishes a prima facie case that the claims arise from protected activity, the burden then shifts to the plaintiff to establish a probability that the plaintiff will prevail on the claim. *Church of Scientology of California v. Wollersheim*, 42 Cal. App. 4th 628, 646 (1996); *see also Cotati*, 29 Cal. 4th at 76. ABC set forth this standard in its motion to strike. (ABC's Mot at 3, 6.) Plaintiff addressed this standard in her opposition to ABC's motion. (Plaintiff's Opp. at 6, 17-20.) Unfortunately for Plaintiff, the Court found that Plaintiff did not satisfy her burden. The Court determined that Plaintiff failed to submit any *evidence* that would, if proved, demonstrate that Austria was employed by or working as an agent of ABC. Nor did Plaintiff submit any evidence to show that ABC directly engaged in any wrongdoing. On that ground, the Court granted ABC's motion to strike. (Order at 6.)

Plaintiff now seeks, for the first time, to amend her complaint to more clearly *allege* that Austria was employed by or working as an agent of ABC. However, amending her complaint would not cure the problem. The problem was not Plaintiff's failure to allege sufficient facts to show an agency or employment relationship. The reason the Court granted the motion to strike was that Plaintiff failed to submit *evidence* in support of her allegations. Therefore, granting leave to amend would not assist Plaintiff.

Moreover, now that Plaintiff's claims have been stricken pursuant to California's anti-SLAPP statute, it would be improper to grant leave to amend. It is clear that California state courts prohibit amendment after claims are struck. *See Simmons v. Allstate Inc.*, 92 Cal. App. 4th 1068, 1073 (2001) ("Allowing a SLAPP plaintiff leave to amend the complaint ... would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy."). Whether the same result holds true in federal court is a closer question. However, in a thoughtful analysis in *Flores v. Emerich & Fike*, 2006 WL 2536615, *10 (E.D. Cal. Aug. 31, 2006), the court reasoned that allowing amendment after an anti-SLAPP motion had been granted would eviscerate the purpose of the anti-SLAPP statute and

4

would be inconsistent with the Ninth Circuit's holding in *United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999). In *Lockheed*, the Ninth Circuit held that the filing a motion to strike pursuant to section 425.06 in federal court can exist "side by side" with Federal Rules of Civil Procedure 8, 12, and 56. *Lockheed*, 190 F.3d at 972 ("We fail to see how the prior application of the anti-SLAPP provisions will directly interfere with the operation of Rule 8, 12 or 56."). The court in *Lockheed* further reasoned that application of California's anti-SLAPP statute in federal cases furthered the twin purposes of the *Erie* rule, "discouragement of forum-shopping and avoidance of inequitable administration of the law." *Id.* at 973.

In *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), the district court deferred consideration of the defendant's anti-SLAPP motion until after the plaintiff filed an amended complaint. The Ninth Circuit affirmed, reasoning that "granting a defendant's anti-SLAPP motion to strike ... without granting the plaintiff leave to amend would directly collide with [Rule 15(a)'s] policy favoring liberal amendment." *Id.* at 1091. Moreover, the court noted that allowing the complaint to be amended to eliminate the offending claims before ruling on the motion to strike would still serve the purpose of the anti-SLAPP suit, the early dismissal of meritless claims. *Id.* The court in *Flores* distinguished *Verizon*, where the issue was whether a plaintiff may be denied an opportunity to amend *before* adjudicating an anti-SLAPP motion, from the issue before it – whether a plaintiff should be afforded an opportunity to amend *after* a motion to strike had been granted. *Flores*, 2006 WL 2536615 at 10.

Other courts considering this issue have similarly held that plaintiffs may not amend their complaint *after* a motion to strike has been granted pursuant to section 425.16. *See Thomas v. Los Angeles Times Communications, LLC*, 189 F. Supp. 2d 1005, 1017 n. 11 (C.D. Cal. 2002) ("Plaintiff may not amend his Complaint after is it stricken pursuant to California Code of Civil Procedure § 425.16."); *see also Fintland v. Luxury Marine Grp, LLC*, 2010 758190, * (C.D. Cal. March 1, 2010) ("Because the Court already struck this claim and the allegations supporting it pursuant to the anti-SLAPP statute, [the plaintiff's] motion for leave to

1 amend is denied with prejudice."); *Mory v. City of Chula Vista*, 2008 WL 360449, *5 n. 5 (S.D.
2 Cal. Feb. 11, 2008) ("Courts find it inappropriate to grant plaintiffs leave to amend state law
3 claims that are stricken under that statute."). The Court agrees and finds that it would be
4 improper to grant Plaintiff leave to amend. Accordingly, the Court denies Plaintiff's motion.

**II.    Austria's Motion for Relief from Default.**

Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause shown. In general, a more lenient standard is applied when determining whether to set aside an entry of default than is applied to vacating a default judgment. *See Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir.1986) (per curiam) ("The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment"). When exercising its discretion under Rule 55, the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, is to be balanced out with the interests of both litigants and the courts in the finality of judgments. *See Pena v. Seguros La Comerical*, 770 F.2d 811, 814 (9th Cir. 1985). Plaintiff filed a statement of non-opposition to Austria's motion. Upon review of Austria's motion and supporting papers, the Court finds that he demonstrated good cause. Accordingly, the Court GRANTS his motion for relief from entry of default.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion to amend the Court's order or for leave to amend her complaint and GRANTS Austria's motion for relief from entry of default.

**IT IS SO ORDERED.**

Dated: September 27, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6