1

2

3

4

5

6

## UNITED STATES DISTRICT COURT

7

## NORTHERN DISTRICT OF CALIFORNIA

8

### SAN FRANCISCO DIVISION

9

| | |
|---|---|
| TIAMANIKA BLACKBURN, | Case No. 11-cv-01298 JSW (NC) |
| Plaintiff, | **REPORT AND RECOMMENDATION GRANTING MOTION FOR ATTORNEYS' FEES** |
| v. | |
| ABC LEGAL SERVICES, INC. and FERDINAND G. AUSTRIA, | Re: Dkt. Nos. 46, 57, 62 |
| Defendants. | |

10

11

12

13

14

15

16

17

18        ABC Legal Services seeks an award of attorneys' fees and costs after the District

19   Court granted ABC's special motion to strike Blackburn's state-law claims under

20   California's Strategic Lawsuit Against Public Participation (anti-SLAPP) statute,

21   California Code of Civil Procedure § 425.16.  The Court, however, denied ABC's motion

22   to dismiss Blackburn's federal claim.  Order Grant Mtn. Dismiss, Dkt. No. 22.  This

23   Court recommends an award of attorneys' fees to ABC as the prevailing party in the

24   amount of $14,615.00 and costs in the amount of $311.50, for a total of $14,926.50.

25                          ### I. BACKGROUND

26        Plaintiff Tiamanika Blackburn filed this action against defendants ABC Legal

27   Services, Inc. and Ferdinand G. Austria for violation of the Fair Debt Collection Practices

28   Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act

1  (RFDCPA), Cal. Civ. Code Proc. § 1788 *et seq.*, and the California Business and

2  Professions Code § 17200. Compl., Dkt. No. 1. Because the Court granted ABC's

3  special motion to strike Blackburn's state-law claims, ABC now moves for attorneys' fees

4  under § 425.16(c)(1). Def.'s Mot. Att'y Fees at 2.

5      ABC argues that § 425.16(c)(1) mandates an award of attorneys' fees and costs to

6  the prevailing defendant. *Id.* ABC acknowledges, however, that courts have broad

7  discretion in determining what constitutes a reasonable amount of attorneys' fees and

8  costs to award. *Id.* ABC claims that it has incurred fees and costs amounting to

9  $21,207.00, based on 52.9 hours of work performed in connection with the anti-SLAPP

10 motion at a rate of $395.00 per hour and $311.50 of costs. Weisberg Decl. Supp. Def.'s

11 Mot. Att'y Fees at 2, Dkt. No. 46-1. ABC submits the Declaration of William S.

12 Weisberg in support of its motion for attorneys' fees. *Id.*

13     Blackburn opposes the § 425.16(c)(1) motion for attorneys' fees on two alternative

14 grounds. Pl.'s Opp'n at 5. First, Blackburn argues that although the Court granted

15 ABC's motion to strike Blackburn's RFDCPA claim based on § 425.16, attorneys' fees

16 and costs should not be granted under § 425.16(c)(1). *Id.* at 3-5. Because the state

17 legislature adopted wholesale sections of the FDCPA into the RFDCPA and the purposes

18 of the FDCPA and RFDCPA are the same, the Court should interpret the RFDCPA to

19 incorporate the FDCPA's fee-shifting scheme. *Id.* The FDCPA does not award the

20 prevailing defendant costs unless the court finds that the plaintiff brought the action in

21 bad faith or for the purpose of harassment. *Rouse v. Law Offices of Rory Clark*, 603 F.3d

22 699, 701 (9th Cir. 2010). Thus, Blackburn argues that ABC is not entitled to any

23 attorneys' fees because ABC has failed to show that Blackburn brought the action in bad

24 faith or for the purpose of harassment. Pl.'s Opp'n at 3-5.

25     Alternatively, Blackburn argues that even if the Court were to grant attorneys' fees

26 under § 425.16(c)(1), the Court should award an amount that is significantly less than

27 ABC's requested amount, which Blackburn believes is based on an unreasonable numbers

28 of hours and hourly rate. *Id.*

2

1        Blackburn argues that ABC's requested fees are unreasonable because ABC has

2  inflated both the number of hours spent on the anti-SLAPP motion and its hourly rate. *Id.*

3  at 5-13. Further, Blackburn argues that because ABC briefed a motion to strike the state-

4  law claims in combination with its motion to dismiss the federal claim, ABC has

5  conflated the hours worked on each claim, and thus has inflated the attorneys' fees

6  associated with the anti-SLAPP motion, alone. *Id.* Blackburn attempts to provide

7  evidence of ABC's inflation by submitting June B. Coleman's declaration, which

8  suggests that the maximum hourly rate that her clients would pay an FDCPA attorney is

9  between $250.00 and $300.00. Coleman Decl. Supp. Pl.'s Opp'n at 3, Dkt. No. 57-2. In

10  reviewing ABC's time sheet entries, Blackburn questions specific tasks, the amount of

11  time spent on the tasks, and even the veracity of the time sheet, as a whole. Pl.'s Opp'n at

12  5-13. In several instances, Blackburn suggests amounts of time certain tasks should have

13  actually taken. *Id.*

14        In reply, ABC argues that § 425.16(c)(1) mandates an award of attorneys' fees and

15  costs even to a partially prevailing party of an anti-SLAPP motion to strike, and that ABC

16  is the undisputed prevailing party of the anti-SLAPP motion, having eliminated "2/3 of

17  Blackburn's complaint." Def.'s Reply at 3, Dkt. No. 62. ABC also argues that the

18  FDCPA's fee-shifting scheme is irrelevant to determine whether to grant attorneys' fees

19  in an anti-SLAPP fee motion because at issue is the successful anti-SLAPP motion, not

20  the RFDCPA. *Id.* at 4. Finally, ABC denies Blackburn's allegations that hours and the

21  hourly rate are inflated and contends that ABC provided sufficient evidence for the Court

22  to determine a reasonable award of attorneys' fees and costs. *Id.* at 4-6.

23        Blackburn disputes neither ABC's requested fees incurred in connection with the

24  fee motion nor ABC's costs. Pl.'s Opp'n.

25  **II. STANDARD OF REVIEW**

26        Section 425.16 entitles the prevailing defendant on a special motion to strike to

27  recover his reasonable attorneys' fees and costs. § 425.16(c)(1); *see Christian Research*

28  *Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008); *see also Metabolife Int'l, Inc. v.*

3

Case No. 11-cv-01298 JSW (NC)
Report and Recommendation

*Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). The prevailing party requesting attorneys' fees and costs bears the burden of supporting the request with detailed time records of hours worked, the rates claimed, and the costs incurred. *See Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *Metabolife*, 213 F. Supp. 2d at 1222. The district court considers whether the prevailing defendant's requested fees are reasonable based on the lodestar method–multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* The award may include not only the fees and costs incurred in connection with the anti-SLAPP motion, but also the fees and costs incurred in enforcing the right to the mandatory fees. *See Ketchum v. Moses,* 24 Cal. App. 4th 1122, 1141 (2001). The prevailing defendant may recover only those "fees and costs incurred in connection with the motion to strike, and not the entire action." *Lafayette Morehouse v. Chronicle Publi'g Co.*, 39 Cal. App. 4th 1379, 1383 (1995). Further, if an anti-SLAPP motion and a motion unrelated to the anti-SLAPP statute are brought together and the facts and legal arguments are common among the claims subject to the anti-SLAPP motion and claims not subject to the anti-SLAPP motion, the attorneys' fees need not be apportioned between the motions; the fees incurred for both motions may be granted. *See Hadley v. Krepel,* 167 Cal. App. 3d 677, 685-86 (1985); *see also Kearney v. Foley and Lardner*, No. 05-cv-2112-L(LSP), 2008 U.S. Dist. LEXIS 21115, at *9-10 (S.D. Cal. March 18, 2008).

The district court has broad discretion in determining whether the requesting party is the prevailing party and whether the requested amount of attorneys' fees and costs is reasonable. *Metabolife*, 213 F. Supp. 2d at 1222. The district court must determine whether a defendant who partially prevails on an anti-SLAPP motion is considered the prevailing party under the statute. *Mann v. Quality Old Time Serv.*, 139 Cal. App. 4th 328, 340 (2006). Further, the court must determine whether the hourly rate and the expended number of hours are reasonable based on the court's experience. *Van Gerwen*, 214 F.3d at 1045. The district court must exclude from the lodestar calculation the amount of hours that are excessive, redundant, or otherwise unnecessary. *Id.*

4

1

## III. DISCUSSION

2  **A.  Under § 425.16(c)(1), ABC is Entitled to Attorneys' Fees and Costs as the Prevailing Party of the Anti-SLAPP Motion.**

3

Because ABC prevailed in striking Blackburn's state-law claims based on ABC's

4  anti-SLAPP motion, the Court GRANTS reasonable attorneys' fees and costs to ABC

5  under § 425.16(c)(1). *See* Order Grant Mtn. Dismiss. Awarding reasonable attorneys'

6  fees and costs to the prevailing party in an anti-SLAPP motion is mandatory under §

7  425.16(c)(1). *Christian Research Inst.*, 165 Cal. App. 4th at 1321. ABC submitted a

8  dual-motion brief to strike Blackburn's state-law claims under the anti-SLAPP statute and

9  to dismiss Blackburn's federal claim under Fed. R. Civ. P. 12(b)(6). Def.'s Mot. Strike.

10  Although ABC was unsuccessful in dismissing the federal claim, ABC was undisputably

11  the victor in striking the state-law claims. *See* Order Grant Mtn. Dismiss.

12  **1.  The RFDCPA's Fee-shifting Scheme is Inapplicable.**

13

Blackburn's argument for applying the RFDCPA's fee-shifting scheme to ABC's

14  motion for attorneys' fees is unpersuasive. First, the Court granted ABC's motion to

15  strike Blackburn's RFDCPA claim based on the anti-SLAPP statute, not the RFDCPA.

16  Order Grant Mtn. Dismiss. Second, the anti-SLAPP statute has no exception to the rule

17  of mandatory award of attorneys' fees and costs for the prevailing party that is applicable

18  here and no requirement on behalf of the prevailing party to show that Blackburn brought

19  this action in bad faith or for the purposes of harassment. *See* Cal. Code Civ. Proc. §

20  425.16(d). Third, because ABC succeeded in striking not only the RFDCPA claim, but

21  also the § 17200 claim, Blackburn's argument to apply the RFDCPA's fee-shifting

22  scheme to all of ABC's requested attorneys' fees does not address the fact that the

23  RFDCPA is inapplicable to ABC's successful motion to strike the § 17200 claim. *See*

24  Pl.'s Opp'n at 3-5.

25  **2.  The RFDCPA is not a "Special Statute" in Relation to the Anti-SLAPP Statute.**

26

27  Despite the RFDCPA and FDCPA's similar statutory language, the Court is

28  unconvinced that the RFDCPA's fee-shifting scheme trumps that of the anti-SLAPP

Case No. 11-cv-01298 JSW (NC)
Report and Recommendation

1    statute, which mandates an award of attorneys' fees and costs to the prevailing party of an

2    anti-SLAPP motion. Blackburn does not contest the fact that ABC is the prevailing party,

3    thus ABC, as the prevailing party to a successful anti-SLAPP motion, must be awarded

4    reasonable attorneys' fees and costs associated with its anti-SLAPP motion and related

5    fee motion. *See id.*; Def.'s Mot. Atty's Fees. Instead, Blackburn argues that "...where a

6    general statute, standing alone, includes the same matter as a special statute, and thus

7    conflicts with it, the special act is to be considered as an exception to the general statute,

8    whether it was passed before or after the general enactment." Pl.'s Opp'n at 4 (quoting *In*

9    *re Ward*, 227 Cal. App. 2d 369, 374-75 (1964)). Blackburn fails to show that the

10   RFDCPA is the special enactment, while the anti-SLAPP statute is the general enactment,

11   both dealing with the "same matter." *See id.; In re Ward*, 227 Cal. App. 2d at 374-75. As

12   the prevailing party, ABC is entitled to reasonable fees.

13   **B.    ABC is Entitled Only to Attorneys' Fees and Costs Reasonably Incurred in**
         **Connection With the Anti-SLAPP Motion.**
14

15          Reasonable attorneys' fees and costs shall be awarded only for work performed in

16   connection with the anti-SLAPP motion and associated motion for fees. *Ketchum,* 24

17   Cal. 4th at 1141. The Court will deny fees that are not unambiguously associated with the

18   anti-SLAPP motion and associated motion for fees. Because § 425.16(c)(1) shall be

19   construed broadly in favor of awarding the prevailing party reasonable attorneys' fees, if

20   the claims subject to the anti-SLAPP motion share common facts and legal arguments

21   with claims not subject to the anti-SLAPP motion, the attorneys' fees generated by the

22   anti-SLAPP motion litigation shall be awarded. *Briggs v. Eden Council for Hope and*

23   *Opportunity*, 19 Cal. 4th 1106, 1119 (1999); *Kearney,* 2008 U.S. Dist. LEXIS 21115, at

24   *8-9.

25          ABC alleges to have billed a total of 52.9 hours from February 2011 to September

26   2011 at a rate of $395.00 for a total lodestar of $20,895.50. Weisberg Decl. at 2.

27   Blackburn argues that this figure is inflated because some of ABC's alleged time

28   expended on various tasks is either excessive or does not qualify as fees incurred in

6

connection with the anti-SLAPP motion.  Pl.'s Opp'n at 6-13.

1.    **ABC is Entitled to Fees Related to the Anti-SLAPP Motion Only.**

Several of Blackburn's arguments in favor of reducing ABC's requested fees are persuasive.  First, a few of the entries in ABC's billing records do not specify whether the fees were incurred in relation to the anti-SLAPP motion to strike or the Fed. R. Civ. Proc. 12(b)(6) motion to dismiss.  Weisberg Decl. at 5-7.  ABC presented both the motion to strike Blackburn's state-law claims and the motion to dismiss Blackburn's federal claim in a dual-motion brief, rather than two separately briefed motions.  Def.'s Mot. Strike. Blackburn concedes that "...the FDCPA causes of action arise from the same alleged actions, events and behavior" as the state law claims, however, the legal arguments for each motion differ significantly, thus warranting a disaggregation of the fees incurred on the motion to strike and the motion to dismiss.  *See* Pl.'s Opp'n at 8.  ABC has the burden of showing that its claimed fees were incurred in connection with only the anti-SLAPP motion.  *See Van Gerwen*, 214 F.3d at 1045; *Metabolife*, 213 F. Supp. 2d at 1222. Accordingly, the Court DENIES fees that were not specifically assigned to the anti-SLAPP motion and associated fee motion, since ABC failed to meet its burden of proof.

Second, ABC seeks to recover for time spent reviewing and opposing Blackburn's motion to amend her complaint.  *Id.* at 7.  "[O]nly those fees and costs incurred in connection with the motion to strike, not the entire action" shall be awarded.  *Lafayette Morehouse*, 39 Cal. App. 4th at 1381-82.  Blackburn's motion to amend her complaint was not exclusively in connection with ABC's successful motion to strike.  Pl.'s Mot. Amend, Dkt. No. 27.  Therefore, the Court DENIES ABC's fees incurred reviewing and responding to Blackburn's motion to amend.

Third, ABC submits one ambiguous time sheet entry, for which the Court DENIES compensation.  *See Van Gerwen*, 214 F.3d at 1045.  A conference call on June 15, 2011 lists participants involved but has no mention of the subject matter(s) discussed.  *See* Weisberg Decl. at 6.  The Court cannot assume that this task was related to the anti-SLAPP motion.  *Id.*

7

1    Fourth, ABC billed for a clerical task for which an award of attorneys' fees is

2   inappropriate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989); *see also Prison*

3   *Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095, 1102-1103 (N.D. Cal. 2008). On

4   June 3, 2011, ABC's counsel billed one hour to "[d]raft table of contents and table of

5   authorities for reply memorandum of points & authorities to anti-SLAPP opposition."

6   Weisberg Decl. at 6. There is no need for an attorney, billing at $395.00 per hour, to

7   perform this task. Therefore, this requested fee is DENIED.

8    Apart from the fee contentions, the Court noticed two minor errors in the

9   calculation of fees that inflated ABC's actual fees incurred. First, the summation of the

10  hours incurred in connection with the anti-SLAPP motion and related fee motion should

11  be 52.8, rather than 52.9 hours, thus inflating time expended by 0.10 hour. *See* Weisberg

12  Decl. at 7. Second, ABC claims five time sheet entries between April 28, 2011 and April

13  29, 2011, which have dates out of chronological order and task descriptions and time

14  expenditures that are misaligned. Weisberg Decl. at 5. The Court interprets that ABC

15  intended to shift the time expenditure entries up by one slot. After the shift, the Court

16  DENIES a fee award for one time sheet entry billed on April 29, 2011, which is

17  duplicative of task number 10 (Attachment A). *See id.*; Pl.'s Opp'n Mot. Att'y Fees at

18  10-11.

19     **2.   ABC's Hourly Rate is Reasonable.**

20    Blackburn's argument for an hourly rate of $225.00, $170.00 lower than ABC's

21  requested rate, is unpersuasive. *See* Pl.'s Opp'n. Blackburn's expert's testimony in

22  another case unrelated to anti-SLAPP motions does not justify an adjustment of ABC's

23  requested rate. *See id.* Mr. Weisberg's declaration provides sufficient evidence upon

24  which the Court can find that ABC's counsels' rate of $395.00 per hour is reasonable.

25  *See* Weisberg Decl. at 2. *See, e.g., Carrizosa v. Legal Recovery Servs.*, No. 05-CV-0228-

26  RMW, 2011 WL 1674964, at *1 (N.D. Cal May 3, 2011) (calculating a FDCPA

27  attorneys' fees award using hourly rates between $350.00 and $480.00).

28

**3.      The Court GRANTS Uncontested Costs and Fees.**

Blackburn contests neither ABC's requested attorneys' fees associated with litigating the fees motion nor ABC's requested costs. Pl.'s Opp'n. Therefore, the Court, finding the requests reasonable, awards ABC's requested fees incurred in connection with the fee motion of $2,923.00 (7.4 hours x $395.00) and costs of $311.50.

After excluding all non-anti-SLAPP-related time entries, adjusting for ABC's lodestar calculation mistakes, and adding in anti-SLAPP-motion-related costs, ABC's lodestar amount and costs are reduced to $14,926.50, an amount the Court finds to be reasonable. To calculate this amount, the Court created a spreadsheet, Attachment A, which contains only entries that are unambiguously associated with ABC's anti-SLAPP motion.

### IV. RECOMMENDATION

For the reasons set forth above, this Court recommends that the District Court award ABC's attorneys' fees in the amount of $14,615.00 and costs in the amount of $311.50. The parties may object to this recommendation within fourteen days of the filing date. *See* Fed. R. Civ. P. 72(a); Civil L.R. 72-2.

Date: February 24, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge

**Attachment A**

Attachment A
Attorneys Fees and Costs Awarded to Weisberg & Miller
Page 1 of 1

| No. | Date | Rate | Hours | Charge | Description |
|---|---|---|---|---|---|
| 1 | 4/18/2011 | $395.00 | 0.80 | $316.00 | Office conference regarding bringing Anti-SLAPP motion |
| 2 | 4/20/2011 | $395.00 | 0.40 | $158.00 | Legal research special motion to strike under Anti-SLAPP; and office conference re: same |
| 3 | 4/20/2011 | $395.00 | 0.40 | $158.00 | Legal research re: anti-SLAPP cases dealing with false proofs of service |
| 4 | 4/25/2011 | $395.00 | 3.30 | $1,303.50 | Draft anti-SLAPP motion, including legal research on special requirements for motion in Federal Court - Begin |
| 5 | 4/26/2011 | $395.00 | 2.60 | $1,027.00 | Draft anti-SLAPP motion - Continued |
| 6 | 4/27/2011 | $395.00 | 2.30 | $908.50 | Draft anti-SLAPP motion - Continued |
| 7 | 4/28/2011 | $395.00 | 1.80 | $711.00 | Draft anti-SLAPP motion - Completed |
| 8 | 4/29/2011 | $395.00 | 2.30 | $908.50 | Draft Mr. Dinehart and Mr. Carrigan's supporting declarations, and assemble supporting documentation for exhibits thereto - Completed; draft proposed order on anti-SLAPP motion |
| 9 | 4/28/2011* | $395.00 | 1.20 | $474.00 | WSW Receive, review, edit, and revise anti-SLAPP motion, meeting with Attorney, Kenneth J. Sperandio, Jr. regarding same |
| 10 | 4/29/2011* | $395.00 | 0.30 | $118.50 | KJS E-mail sent to Mr. Dinehart and Mr. Carrigan re: declarations to support anti-SLAPP motion; and draft declarations - Begin |
| 11 | 4/29/2011* | $395.00 | 0.40 | $158.00 | KJS Revise anti-SLAPP motion after conference with attorney Theoharis. (ABC's in-house counsel) |
| 12 | 5/1/2011 | $395.00 | 0.10 | $39.50 | Telephone with Andy Carrigan re: completing declaration to support anti-SLAPP motion |
| 13 | 5/27/2011 | $395.00 | 0.20 | $79.00 | Review underlying documents from San Mateo state court action upon which Blackburn's case is based with focus on use in anti-SLAPP |
| 14 | 6/1/2011 | $395.00 | 3.00 | $1,185.00 | KJS Review opposition to anti-SLAPP motion; research cited authorities and refuting authority; and draft reply points & authorities - |
| 15 | 6/2/2011 | $395.00 | 1.30 | $513.50 | CSM Review and analysis of declarations filed by plaintiff's attorney in support of opposition to SLAPP motion |
| 16 | 6/2/2011 | $395.00 | 6.40 | $2,528.00 | Review opposition to anti-SLAPP motion; research cited authorities and refuting authority; and draft reply points & authorities - Continued |
| 17 | 6/3/2011 | $395.00 | 0.80 | $316.00 | Continued work to supplement arguments for SLAPP motion |
| 18 | 6/3/2011 | $395.00 | 1.10 | $434.50 | Conference with attorney Weisberg re: initial draft of reply points & authorities to anti-SLAPP opposition; revise points and authorities to include additional arguments |
| 19 | 6/15/2011 | $395.00 | 0.40 | $158.00 | Conference with attorney Fletcher re: preparation for oral argument at anti-SLAPP hearing |
| 20 | 6/16/2011 | $395.00 | 0.10 | $39.50 | Review court order on anti-SLAPP motion (court decided to rule on motion without a hearing (notice no hearing would not be held ever received) |
| 21 | 6/21/2011 | $395.00 | 0.40 | $158.00 | Draft notice of compliance with anti-SLAPP motion notification to Cal. Judicial Counsel, and provide instructions to staff re: same |
| | Anti-SLAPP Motion | | 29.60 | $11,692.00 | |
| | Fee Motion Total | | 7.40 | $2,923.00 | |
| | Cost Total | | | $311.50 | |
| | Grand Total | | 37.00 | $14,926.50 | |

Reference: Dkt. No. 46.
   Note: Typos found in the submitted time sheet have been corrected.
      * These entries have time and task descriptions that appear to be misaligned on the time sheet.